# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Loretta Sabrina Marshall, *Individually and on behalf of all others similarly situated,* | ) ) ) ) | Civil Action No. 2:21-2733-RMG |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Georgetown Memorial Hospital, *d/b/a Tidelands Health*, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court is the Report and Recommendation of the Magistrate Judge, (Dkt. No. 34) (the "R&R"), recommending that Defendant's motion to stay litigation and compel arbitration or alternatively, to dismiss, (Dkt. No. 6), be denied. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Defendant's motion to compel arbitration.

## Background

Plaintiff filed this action on August 24, 2021, alleging Defendant discriminated against her in violation of the Americans with Disabilities Act (the "ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act of 1973, § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and wrongfully discharged her in violation of public policy. (Dkt. No. 1).

On September 16, 2021, Defendant filed a motion to stay litigation and compel arbitration or, alternatively, to dismiss the action. (Dkt. No. 6).

On December 29, 2021, the Magistrate Judge issued an R&R recommending that Defendant's motion be denied. (Dkt. No. 15).

On February 14, 2022, the Court issued an order noting:

> Defendant filed objections to the R&R to which Plaintiff filed a reply. In its objections, Defendant did not dispute the analysis of the Magistrate Judge as it applied to the information and arguments Defendant presented in its original motion. (Dkt. No. 18). Rather, in its objections, Defendant attached new information—specifically the supplemental declaration of Angela Traver—which appears relevant to determining whether Defendant's motion should be granted.

(Dkt. No. 22 at 1). Accordingly, the Court declined to adopt the December 29, 2021 R&R and rereferred the matter to the Magistrate Judge for full briefing on the issues raised in Defendant's objections. (*Id.*).

On July 7, 2022, the Magistrate Judge—after considering supplemental briefing from the parties—issued the instant R&R recommending that Defendant's motion be denied.

Defendant filed objections to the R&R, (Dkt. No. 39), to which Plaintiff filed a reply, (Dkt. No. 45). *See also* (Dkt. No. 41) (supplement from Defendant providing a copy of *Lampo v. Amedisys Holding, LLC and Leisa Victoria Neasbitt*, No. 2019-451 (S.C. Ct. App. Aug. 10, 2022)).

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standards

### a. Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in any contract involving interstate commerce or a maritime transaction "shall be valid, irrevocable and enforceable" unless there are grounds for revocation in law or equity. 9 U.S.C. § 2; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). A litigant can compel arbitration under the FAA if the litigant can demonstrate: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction ... to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.'" *Am. Gen.*

*Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (*quoting Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). If a valid arbitration agreement exists and covers the claims at issue, this Court has "no choice but to grant a motion to compel arbitration." *Adkins*, 303 F.3d at 500. Whether the parties agreed to arbitrate a particular dispute is a question of state law governing contract formation. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

Whether an arbitration agreement has been formed is an issue of state contract law. *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 913 F.3d 409, 415 (4th Cir. 2019). Under South Carolina law, "for there to be a binding contract between parties, there must be a mutual manifestation of assent" to "all of the terms of the contract." *Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434, 436 (S.C. 1978) (internal quotation marks omitted). "Although the existence of a contract is ordinarily a question of fact for the jury, where the undisputed facts do not establish a contract, the question becomes one of law." *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 762 S.E.2d 696, 701 (S.C. 2014).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Defendant filed objections to the, the R&R is reviewed de novo.

## **Discussion**

As explained in detail in the R&R, in 2016 Plaintiff completed an application for employment with Defendant (the "2016 Employment Application") through its online application system that indisputably included an agreement to arbitrate to which Plaintiff consented. (Dkt. No. 34 at 3-4). Then, in 2020, using the same online application system, Plaintiff submitted another employment application (the "2020 Employment Application"). As made clear by the R&R and Defendant's objections, Defendant does not contest the Magistrate Judge's conclusion that it "has failed to establish the existence of an arbitration agreement between Plaintiff and Defendant that would cover the disputes raised in the present action based solely on the parties' entering into the 2016 Employment Agreement." (Dkt. No. 34 at 10). Rather, replying on the Supplemental Declaration of its employee Angela Traver, Defendant argues the 2020 Employment Application itself included a binding arbitration provision, *see* (Dkt. No. 26-1), a contention Plaintiff disputes.

After a careful review of the record, the R&R, and Defendant's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendant has not met its burden of showing the existence of a binding contract to arbitrate the disputes in this case. *See* (Dkt. No. 34 at 13). Defendant filed objections to the R&R which the Court addresses below.

To begin, in its supplemental briefing, Defendant argued that after selecting the application for which she desired to apply—an application which was prepopulated with prior information entered by Plaintiff into Defendant's online system—Plaintiff had to "scroll through [i.e., down the webpage to] the Agreement to Arbitrate in order to submit a revised application for

consideration." (Dkt. No. 26 at 5); (*Id.* at 6) (arguing Plaintiff had notice of and consented to the arbitration agreement because "a[]fter noting the change in her 'report to work' date on the application, Plaintiff, *off necessity*, had to scroll past the language under the Title 'Agreement to Arbitrate' and the 'I Accept' box . . . and press the 'Submit' button[.]"). The Magistrate Judge, however, relying on evidence submitted by Defendant itself, correctly rejected the contention. (Dkt. No. 34 at 5) ("[T]he screenshot attached to Traver's supplemental declaration appears to contradict [Defendant's above] assertion because on the employment application page of Defendant's online application system, a 'submit' button is located at both the bottom and *top* of the page.") (emphasis added); (*Id.* at 13) (noting an "applicant could click the 'submit' button at the top of the page with no notice that she was purportedly agreeing to arbitration because the applicant would have to scroll down a lengthy page to find the Agreement to Arbitrate Language and the 'I ACCCEPT button'"). While Defendant attempts to distinguish *Sgouros v. TransUnion Corp.*, 817 F.3d 1029 (7th Cir. 2016) and *Specht v. Netscape Comm. Corp.*, 306 F.3d 17 (2d Cir. 2002), the cases upon which the Magistrate Judge based the above conclusion, *see* (Dkt. No. 39 at 7-8), the Court finds the cited cases do support denying Defendant's motion. *See Specht*, 306 F.3d at 23 (refusing to enforce terms of use "that would have become visible to plaintiffs only if they had scrolled down to the next screen"); *Sgouros*, 817 F.3d at 1035 (holding that no agreement arose between the parties where the text above a button labeled, "I Accept & Continue to Step 3," "told the user that clicking on the box constituted his authorization for Transunion to obtain his personal information" but said "nothing about contractual terms"); (Dkt. No. 34 at 13-14) (noting that at the top of the 2020 Employment Application there is no "notice or explanation adjacent . . . explaining that by clicking 'submit,' the applicant is agreeing to any terms and conditions or that she would be bound by to an arbitration agreement" and noting the word "submit" in its ordinary

meaning does not mean "assent to an agreement"); (Dkt. No. 26-1 at 19) (providing screenshot of top of application page). To the extent Defendant objects that at the top of the application and the "Submit" button was text referring to the arbitration agreement, (Dkt. No. 39 at 8), the Magistrate Judge explicitly addressed in the R&R why that text was not sufficient to create a binding agreement in this context, (Dkt. No. 34 at 14 n.8) (noting that "nothing in that three-line notice provides the actual terms of the multiple-paragraph Agreement to Arbitrate language, nor does the notice indicate that by clicking the 'submit' button at the top of the page to apply for a position, the applicant is agreeing to the terms in the Agreement to Arbitrate"). *Compare Church v. Hotels.com L.P.*, No. 2:18-0018-RMG, 2018 WL 3130615, at *2 (D.S.C. June 26, 2018) (finding the plaintiff assented to terms of service where "the check-out page disclaimer . . . states, 'By clicking the Complete Reservation button you agree to our Terms of Service,'" and the Terms of Service were hyperlinked directly adjacent to the "Complete Reservation" button). Accordingly, Defendant's objections on the above points are overruled.

Last, Defendant objects that Plaintiff's conduct expressed an assent to arbitration. (Dkt. No. 39 at 10-11). In so arguing, Defendant rehashes arguments already put forth and rejected by the Magistrate Judge. *See* (Dkt. No. 28 at 5) (arguing "Plaintiff engaged in affirmative conduct manifesting her intent to enter into an agreement" because Plaintiff "understood if she did not click 'Submit,' with the 'I accept' box checked, her application would not be considered by Tidelands Health"); R&R, (Dkt. No. 34 at 15-16) (providing various reasons for rejecting Defendant's argument). Nevertheless, even considering the argument, the Court finds it unavailing as the case law cited by Defendant does not support its contentions. *See Lampo v. Amedisys Holding, LLC, et al.*, No. 2019-000451, (S.C. Ct. App. Aug. 10, 2022) (finding employee's conduct demonstrated actual notice and acceptance of the arbitration agreement where employer sent email with subject

line "Important Policy Change — Must Read," contained a link to "time-sensitive materials . . . tha[t] could affect your legal rights," included an "Acknowledgment Form" which required users to click a button to access materials regarding arbitration and further stated that "Unless you opt out of the Dispute Resolution Agreement within 30 days of today's date, you will be bound by it") (emphasis removed). As noted above, Defendant's online employment application system did not require Plaintiff to take the explicit actions the defendant's email in *Lampo* did. *See* (Dkt. No. 45 at 6) (noting Defendant "could have easily required the applicant to scroll past the arbitration agreement before they could click submit, but chose not to do so"). Accordingly, Defendant's objection on this point is overruled.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R, (Dkt. No. 34), as the order of the Court and **DENIES** Defendant's motion to stay litigation and compel arbitration or alternatively, to dismiss, (Dkt. No. 6).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 6, 2022
Charleston, South Carolina