# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| LORETTA SABRINA MARSHALL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>GEORGETOWN MEMORIAL HOSPITAL D/B/A TIDELANDS HEALTH,<br>        Defendant. | Case No. 2:21-cv-2733-RMG<br><br>**ORDER AND OPINION** |

Before the Court is nonparty IPCS Holdings, LLC d/b/a DataFit's ("Datafit") motion to quash a subpoena served by Plaintiff (Dkt. No. 77), and Plaintiff's motion for leave to take a second 30(b)(6) deposition from Datafit (Dkt. No. 78). Plaintiff responded in opposition to Datafit's motion (Dkt. No. 77), and Datafit responded in opposition to Plaintiff's motion (Dkt. No. 86). For the reasons below, the Court grant's Datafit's motion to quash (Dkt. No. 77) and denies Plaintiff's motion for leave to take deposition from Datafit (Dkt. No. 78).

**I. Background**

On January 6, 2025, Plaintiff deposed Dr. Thomas Gilliam, Datafit's 30(b)(6) representative and the founder of Datafit and developer of the physical agility test ("PAT Program"). (Dkt. No. 77). In that deposition, Plaintiff questioned Dr. Gilliam about Datafit's algorithm for the pre-hire examinations. (Dkt. No. 77). Plaintiff did not leave the deposition open or reserve the right to recall Dr. Gilliam or another Datafit representative. On January 28, 2025, Plaintiff served upon Datafit a subpoena for a second 30(b)(6) deposition. (Dkt. No. 77-4). The

sole proposed topic of the deposition was "Datafit's algorithm for the pre-hire examinations" (Dkt. No. 77-1 at 2).

Datafit has moved to quash the subpoena (Dkt. No. 77) arguing that it is unduly burdensome, and that Plaintiff is not entitled to a second deposition of Dr. Gilliam. Plaintiff has moved for leave to take the deposition (Dkt. No. 78), arguing that in his deposition, Dr. Gilliam "omitted the fact that in calculating whether the candidate has met the strength target for the position, the algorithm takes into account the candidate's weight." (Dkt. No. 75 at 4). This matter is ripe for review.

## II. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure "expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control." *In re Rule 45 Subpoena Issued to Robert K. Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) (citing Fed. R. Civ. P. 45(a)(1)(C)). "The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." *Alston v. DIRECTV, Inc.*, No. 3:14-cv-04093-JMC, 2017 WL 1665418, at *2 (D.S.C. May 3, 2017); *see also HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (explaining the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26). "Thus, regardless of whether the Court considers [Defendant]'s Motion under Rule 45 or Rule 26, the Court must review [Plaintiff]'s subpoena[ ] under the relevancy standards set forth in Rule 26(b)." *Singletary v. Sterling Transport Co.*, Inc., 289 F.R.D. 237, 240-41 (E.D. Va. 2012) (citations omitted) (citing *Cook v. Howard*, 484 Fed.Appx. 805, 812 (4th Cir. 2012) (per curiam)).

Rule 45 requires the court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "A subpoena that seeks information irrelevant to the case is a per se undue burden," and "[a] subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome." *Livingston Jr.*, 2020 WL 8167497, at *4. "The burden of proving that a subpoena is oppressive is on the party moving to quash." *Fleet Bus. Credit, LLC v. Solarcom, LLC*, No. Civ. AMD 05-901, 2005 WL 1025799, at *1 (D. Md. May 2, 2005) (internal quotation marks omitted). Determining whether a subpoena is unduly burdensome is within the discretion of the district court. *Bland v. Fairfax Cty.*, 275 F.R.D. 466, 468 (E.D. Va. 2011).

**III. Discussion**

Datafit argues that the subpoena should be quashed because it is, among other things, unduly burdensome. (Dkt. No. 77-1 at 10). Plaintiff argues that there is no limit in the civil rules on the number of 30(b)(6) depositions a party may take, and that they need to revisit Dr. Gilliam's deposition because he omitted key facts. (Dkt. No. 78 at 1). The Court agrees with Datafit and finds the subpoena unduly burdensome.

Plaintiff has already had the chance to depose Dr. Gilliam about Datafit's algorithm for the pre-hire examinations, and in fact did ask Dr. Gilliam about the algorithm. (Dkt. No. 77-6). Plaintiff also had access to the raw data Datafit produced at the time of deposing Dr. Gilliam, which included candidates' body weights (*Id.*). In the deposition, Plaintiff notes that "we were provided data that includes gender, dominate [sic] hand, age, height, *weight* and then the scores

3

for each element of the test . . . So what other raw data is available?" (*Id.*) (emphasis added). Dr. Gilliam answered, "[t]hat's the raw data that gets entered into the system." (*Id.*).

Plaintiff had access to the raw data and the IPCS score. (Dkt. No. 77-6). Plaintiff had the opportunity to question Dr. Gilliam on this line of questioning but chose not to do this. Plaintiff alleges that this information is crucial to their entire argument, but when presented with multiple opportunities in the deposition to ask Dr. Gilliam about it in more depth, Plaintiff declined to do so. Plaintiff makes several arguments as to why Dr. Gilliam's testimony was lacking, but the time to bring that up was during the deposition, not in a motion in support of another subpoena.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Datafit's motion to quash Plaintiff's deposition subpoena (Dkt. No. 77) and **DENIES** Plaintiff's motion for leave to take deposition out of time (Dkt. No. 78).

**AND IT IS SO ORDERED.**

s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

March 7, 2025  
Charleston, South Carolina